# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**ELDERLITE EXPRESS, INC.,**

    Plaintiff,

vs.                          Civil Action 2:06-CV-737
                                   Judge Holschuh
                                   Magistrate Judge King

**CAPITOL CITY TRAILERS, INC.,**
*et al.*,
    Defendants.

## ORDER and
## REPORT AND RECOMMENDATION

**I.**

Plaintiff Elderlite Express, Inc., ("plaintiff") agreed to purchase 12 semi-trailers from defendant Capital City Trailers, Inc. ("CCT"), for $10,850.00 per trailer or a total of $130,200.00. Defendant James Burkhalter ("Burkhalter"), an agent of defendant Semi-Trailers-R-Us, Inc. ("Semi-Trailers-R-Us"), purported to act as a broker for the transaction. Plaintiff paid the purchase price to Burkhalter for payment to CCT, but that payment was, without plaintiff's knowledge, actually forwarded to third-party defendant William D. Morris, who was expected to return the purchase price, and more, to CCT. In fact, however, Morris did not do so.[1] CCT refused to transfer title to the trailers in the absence of receipt of the purchase price.

The amended complaint asserts claims of breach of contract, unjust enrichment, fraudulent inducement, fraudulent concealment, conspiracy to commit fraud, conversion, constructive trust and reckless disregard of legal rights against Burkhalter and Semi-Trailers-R-Us, as well as other parties. A number of cross-claims and third-party claims were also filed. Burkhalter and Semi-Trailers-R-Us never entered an

---

[1] The record reflects that third-party defendant Morris is currently incarcerated in a federal prison.

appearance in this action and, on January 26, 2007, the Clerk entered their default on plaintiff's claims against them. Doc. No. 28. Over the course of the ensuing months, all other remaining claims were either resolved or dismissed. *See, e.g., Order,* Doc. No. 67. Plaintiff's motion for default judgment against Semi-Trailers-R-Us and Burkhalter, Doc. No. 68, was referred to the undersigned for evidentiary hearing and report and recommendation. *Order,* Doc. No. 69.

An evidentiary hearing on the motion was held on September 25, 2008. At the end of that hearing, plaintiff was granted leave to supplement the record in order to address the issue of punitive damages and prejudgment interest. *Transcript of Evidentiary Hearing*, p. 48 *("Evid. Hrg. Tr.").* Rather than doing so, however, on November 7, 2008, plaintiff instead filed a motion for leave to file a second amended complaint or, in the alternative, amended motion for default judgment. Doc. No. 78.

**II.**

Plaintiff asks that it be granted leave to further amend the complaint, conditional upon service of the second amended complaint on defendants Burkhalter and Semi-Trailers-R-Us; in the event that service of process is not effected, plaintiff asks that the second amended complaint be "deemed null and void." *Motion for Leave to Amend,* p.2, Doc. No. 78. Alternatively, plaintiff asks that the motion for leave to amend be granted without condition and that the Court set aside the entry of default on the amended complaint or that plaintiff be granted leave to amend the motion for default judgment. *Id.* Plaintiff intends by this motion that these defendants receive "notice of the exact dollar amount of damages sought by Plaintiff in its Second Amended Complaint so that

2

there will be no question the anticipated Default Judgment meets the standards of Federal Rule of Civil Procedure 54(c)." *Id.,* at p.2. Moreover, the proposed second amended complaint would add a claim of piercing the corporate veil against defendant Burkhalter. Plaintiff asks that the proceedings, including the evidentiary hearing and the evidence adduced therein, be held "in abeyance, while Plaintiff serves the Second Amended Complaint (or Amended Motion for Default Judgment) on the defendants Semi-Trailers-R-Us and Burkhalter." *Memorandum in Support of Motion,* p.5.

This case was originally filed almost 2½ years ago. The complaint was amended, Doc. No. 3, and the default of defendant Semi-Trailers-R-Us and Burkhalter was entered more than 2 years ago. Doc. No. 33. Moreover, motions addressing the parties or pleadings were to have been filed no later than May 21, 2007. *Order,* Doc. No. 41. The time for completing discovery, *i.e.,* March 7, 2008, has long since passed, *Order,* Doc. No. 58, as has the deadline for filing dispositive motions, *Order,* Doc. No. 57. The matter was scheduled for trial in July 2008, *Notice,* Doc. No. 58; that trial date was vacated only upon the suggestion that all claims among the appearing parties had been resolved. *Order,* Doc. No. 61.

Dates set by a court's scheduling order may be modified only upon a showing of good cause and by leave of the judge. F.R. Civ. P. 16(b). Moreover, "a court choosing to modify the schedule upon a showing of good cause may do so only 'if it cannot reasonably be met despite the diligence of the parties seeking the extension.'" *Leary v. Daeschner,* 349 F.3d 888, 906 (6th Cir. 2003). "Another important consideration for a district court deciding whether Rule 16's 'good cause' standard is met

3

is whether the opposing party will suffer prejudice by virtue of the amendment." *Id.* (citing *Inge v. Rock Fin. Corp.,* 281 F.3d 613, 625 (6th Cir. 2002)).

Plaintiff offers no explanation for its failure to meet this Court's deadline for seeking to amend the complaint. Plaintiff argues only that no party will be prejudiced by grant of the proposed amendment. In this regard, plaintiff assumes that defendants Burkhalter and Semi-Trailers-R-Us will again fail to respond to the proposed second amended complaint. The Court declines to make the same assumption or to conclude that these defendants will not be prejudiced by substantive amendments proposed more than 6 years after the transaction giving rise to this litigation, more than 2½ years after the litigation was instituted and more than 6 months after the scheduled trial date. The Court simply cannot conclude that the amendments sought by the plaintiff would not cause unreasonable prejudice to the remaining parties or to the Court or, indeed, to society at large.

Under these circumstances, plaintiff's motion for leave to amend the complaint, Doc. No. 78, is **DENIED.** For the same reason, moreover, the Court **DENIES** plaintiff's request for leave to amend the motion for default judgment.

**III.**

Testifying at the evidentiary hearing were Randy Holton, a sales representative for CCT and formerly a defendant in this action, as well as Michael Sparks, plaintiff's president.

The evidence establishes that plaintiff wired its deposit on the purchase price for the trailers to defendant Burkhalter on August 29, 2003. *Evid. Hrg. Tr.,* p. 27. The remainder of the purchase price was wired on September 4, 2003. *Affidavit of Michael Sparks*, ¶6, attached as *Exhibit F* to *Motion for Default Judgment*. Burkhalter wired money to CCT with directions to wire the money to Morris. *Evid. Hrg. Tr.,* pp. 11-12. CCT expected that Morris would then return the money to CCT. *Id.,* p. 12.[2] Morris failed to do so, *Id.,* p. 15, and CCT did not deliver the trailers to plaintiff. Michael Sparks testified that, had he known that Morris or Morris' company was involved in the transaction, he would not have entered into the contract to purchase the semi-trailers. *Evid. Hr. Tr.,* p. 28.

The 12 semi-trailers selected for purchase by plaintiff were sold over the ensuing six months to other parties for a total of $151,650.00. *Evid. Hrg. Tr.,* p.18-19. *See also Plaintiff's Exhibit* 26; *see also Exhibits* 25(a)-25(i), attached to *Affidavit of Randy Holton, Exhibit G* to *Plaintiff's Motion for Default Judgment*, Doc. No. 68. Plaintiff also submitted the report of Robert Princell, *Plaintiff's Exhibit* 32, a dealer in semi-trailers. Based on the description of the semi-trailers selected by plaintiff, Mr. Princell opined that each of the semi-trailers had a fair market value of $13,500.00, for a total of $162,000.00. *Plaintiff's Exhibit* 32.

Plaintiff and CCT entered into an agreement resolving all claims between them for payment by CCT to plaintiff in the amount of $80,000.00. *Settlement Agreement with Release*, *Plaintiff's Exhibit* 36, at ¶1.

**A. Compensatory Damages**

---

[2] Holton had been told that this convoluted transaction was intended to enable Morris to obtain a small business loan. *Evid. Hrg. Tr.,* p.14.

Plaintiff conceded at the evidentiary hearing that its contract claim is asserted against only Semi-Trailers-R-Us. *Evid. Hrg. Tr.,* p. 36. The claim for fraud is asserted against both Burkhalter and Semi-Trailers-R-Us. *Id.* The *Amended Complaint* seeks damages against Semi-Trailers-R-Us and Burkhalter in an amount "in excess of One Hundred Thirty Thousand Two Hundred Dollars ($130,200.00) plus pre- and post-judgment interest, plus punitive damages, attorney's fees, costs and such other relief as the Court deems just and equitable. ..." *Amended Complaint*, p. 15, Doc. No. 3. Plaintiff argues that it is entitled to at least the $151,650.00 for which the semi-trailers were sold to third-parties; plaintiff expressly asks for an award based on the $162,000.00 fair market value of the semi-trailers referred to by Mr. Princell.

Under Rule 54(c) of the Federal Rules of Civil Procedure, "a default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." This restriction is grounded on the notion that a party's default is, in a sense, a form of consent to the entry of judgment as actually sought by the complaint; it would therefore be fundamentally unfair to award a form or amount of relief not reflected in that pleading. 10 *Moore's Federal Practice* §54.71[1], citing *In re Dierschke,* 975 F.2d 181, 185 (5th Cir. 1992). *See, e.g., Tindall v. One 1973 Ford Mustang (VIN 3F03F139034)*, 2007 WL 2050408, *3 (E.D. Mich. 2007)(unpublished)(default damages for breach of warranty would not be permitted where complaint sought only rescission). This Court concludes that the *Amended Complaint*, which asks for damages "in excess of" the contract purchase price, provides a proper foundation for the amounts sought by plaintiff in these default proceedings. *See J&P Associates, Inc. v. Specialty Stamping,* 2007 WL 1295725 (E.D. Mich. 2007)(judgment by default for $137,630.42 was entered on a claim for breach of contract

6

in which the complaint sought monetary damages "in excess of one hundred thousand and 00/100 ($100,000) dollars.") *But see Sheet Metal Workers' Nat. Pension Fund v. Frank,* 2005 WL 1432786, *8 (E.D. Va. 2005)(monetary award on default would be limited to the actual amount sought in the complaint, notwithstanding the fact that the complaint sought "at least" that amount), citing *Compton v. Alton Steamship Co.,* 608 F.2d 96, 105 (4th Cir. 1979) (in the Fourth Circuit, a claim for money judgment must be specific).

On the breach of contract claim, plaintiff is entitled to the difference between the market price of the goods and the contract price. O.R.C. §1302.87(A). This Court concludes that the fair market value of the trailers is $151,600.00 -- *i.e.,* the amount for which the trailers were actually sold -- rather than the amount referred to by Mr. Princell who did not, after all, ever actually view the semi-trailers. As to the fraud claim, which is asserted against both defendants, plaintiff is entitled to similar compensatory damages. *See Logsdon v. Graham Ford Co.,* 54 Ohio St.2d 336, 339 (1978) (plaintiff purchaser entitled, on fraud claim, to difference in value between unit as represented and as sold).

**B. Punitive Damages**

Plaintiff also seeks an award of punitive damages against both the defaulting defendants on its fraud claim. *Evid. Hrg. Tr.*, p.41.[3] Under Ohio law, a plaintiff seeking an award of punitive damages must demonstrate, in addition to proving the elements of the fraud itself, "that the fraud is aggravated by the existence of malice or ill will, or must demonstrate that the wrongdoing is particularly gross or egregious."

---

[3]Punitive damages are not recoverable, under Ohio law, for breach of contract. *Ketcham v. Miller,* 104 Ohio St.372 (1992), ¶2 of the syllabus.

7

*Charles R. Combs Trucking, Inc. v. International Harvester Co.,* 12 Ohio St.3d 241 (1984), ¶3 of the syllabus. In this regard, malice requires that "the defendant possess either (1) that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm." *Cabe v. Munich,* 70 Ohio St.3d 598, 601 (1994). "A bare case of fraud or constructive fraud does not warrant the assessment of exemplary or punitive damages." *Wide Oak Communities, Inc. v. Russell,* 1999 WL 1009745 (Ohio 10th Dist.Ct. App. 1999) citing *Logsdon,* 54 Ohio St.2d at 339.

Recognizing that there is no evidence of actual ill will on the part of either defendant Burkhalter or Semi-Trailers-R-Us, *Evid. Hrg. Tr.,* p.41, plaintiff contends that "there was certainly a reckless disregard of the property rights of" the plaintiff. *Id.* This Court disagrees. There is no evidence that Burkhalter knew that Morris would convert plaintiff's purchase price to his own use. Indeed, it appears that Burkhalter at all times operated under the belief that Morris would in fact forward the funds to CCT and Burkhalter apparently attempted to facilitate that transfer. *See, e.g., Plaintiff's Exhibit* 27; *Plaintiff's Exhibit* 28.

Under these circumstances, this Court concludes that an award of punitive damages is not warranted.

**C. Attorney's Fees**

Plaintiff's request for attorney's fees must also be denied. Under Ohio law, attorney's fees are appropriate in fraud cases only where punitive or exemplary damages have been awarded. *Saberton v. Greenwald,* 146 Ohio St.414 (1946), ¶2 of the syllabus. *See also Czarnecki v. Basta,*

112 Ohio App. 3rd 418, 425 (8th Dist. Ct. App. 1996)(when punitive damages are not awarded, trial court errs in awarding attorney's fees). Because plaintiff is not entitled to punitive damages in its fraud claim, plaintiff is likewise not entitled to an award of attorneys fees on that claim.

**D. Litigation Expenses and Costs**

Plaintiff also seeks recovery of certain litigation-related expenses, including those associated with service of process on defendant Burkhalter and expenses incurred by plaintiff in connection with the noticed deposition of Burkhalter, which defendant Burkhalter failed to attend. *See Plaintiff's Exhibit* 35. Rule 4(d)(2) of the Federal Rules of Civil Procedure provides that, if a defendant fails to waive service of process, "the Court must impose on the defendant: (A) the expenses later incurred in making service; ..." Rule 4(d)(2)(A). Plaintiff documents a total of $129.96 associated with the cost of effecting service of process on defendant Burkhalter. *Plaintiff's Exhibit* 35. Plaintiff is entitled to an award of this amount from defendant Burkhalter.

Plaintiff is also entitled to an award against defendant Burkhalter of expenses associated with the unsuccessful deposition of defendant Burkhalter. F.R. Civ. P. Rule 37(d). Those expenses total $861.92. *Plaintiff's Exhibit 35*.

Finally, plaintiff is entitled to an award of costs from both defendants. In the absence of any depositions on file, costs consist of the filing fee of $350.00. 28 U.S.C. §§1914, 1920.

**E. Prejudgment Interest**

Plaintiff also seeks prejudgment interest on the principal amounts awarded. Under Ohio law, a contract creditor is absolutely entitled to prejudgment interest. O.R.C. §1343.03(A).[4] Plaintiff has established that, as against Semi-Trailers-R-Us on its contract claim, plaintiff is entitled to $55,640.15 in prejudgment interest for the period September 4, 2003, *i.e.,* the date that plaintiff made the final purchase payment, to September 25, 2008, *i.e.,* the date of the evidentiary hearing. *Plaintiff's Exhibit* 33. For the period from September 25, 2008, to December 31, 2008, plaintiff is entitled to prejudgment interest at the monthly rate of 0.67%; from January 1, 2009, until final judgment, plaintiff is entitled to prejudgment interest at *the* monthly rate of 0.42%.[5]

**F. Offset**

Plaintiff concedes that the $80,000.00 recovered in settlement of its claims against CCT serves to offset any recovery against defendants Burkhalter and Semi-Trailers-R-Us. *Evid. Hrg. Tr.*, p. 48.

To summarize, then, plaintiff is entitled, on its claims against defendant Burkhalter, to judgment in the total amount of $152,991.88[6] and, on its claims against defendant Semi-Trailers-R-Us, to

---

[4] Prior to 2004, pre-judgment interest was calculated at the rate of 10% per annum. The statute was amended in June 2004 to require that prejudgment interest be calculated in accordance with rates established by the Ohio Tax Commissioner pursuant to O.R.C. §5703.47.

[5] *See* [http://tax.ohio.gov/divisions/ohio_individual/individual/interest_rates.stm.](http://tax.ohio.gov/divisions/ohio_individual/individual/interest_rates.stm.)

[6] This amount reflects $151,650.00 in compensatory damages, plus $1,341.88 in litigation-related expenses and costs.

judgment in the total amount of $207,640.15.[7] Defendants Burkhalter and Semi-Trailers-R-Us are jointly and severally liable for $152,000.00, which represents the compensatory damages and the $350.00 filing fee. Defendant Burkhalter is separately liable for $991.88 in litigation-related expenses.  Defendant Semi-Trailers-R-Us is separately liable for prejudgment interest, presently amounting to $55,640.15 through September 25, 2008, and to be supplemented at the time of entry of final judgment. Finally, both parties are entitled to an offset reflecting the $80,000.00 received by plaintiff from CCT.

## IV.

Third-party defendant William D. Morris, Jr., who is no longer a party to pending claims in this action, *see Order,* Doc. No. 67, has filed a motion asking that he be granted a free copy of the transcript of the September 25, 2008, evidentiary hearing.  Doc. No. 79.  This defendant has offered no explanation for why he needs a copy of the transcript.  His request for a free copy of the transcript is therefore **DENIED.**

**The Clerk shall mail a copy of this *Order and Report and Recommendation* to former third-party defendant William D. Morris, Jr., at the address reflected on the docket.**

**WHEREUPON**, plaintiff's motion for leave to file a second amended complaint, Doc. No. 78, is **DENIED.**  The motion for miscellaneous relief filed by former third-party defendant William D. Morris, Jr., Doc. No. 79, is **DENIED.**

---

[7]This amount reflects $151,650.00 in compensatory damages plus $55,640.15 in prejudgment interest (to be further supplemented prior to entry of final judgment), and costs in the amount of $350.00.

11

It is **RECOMMENDED** that plaintiff's motion for default judgment, Doc. No. 68, be **GRANTED** and that plaintiff be **AWARDED** judgment against Semi-Trailers-R-Us in the total amount of $207,640.15 and against James Burkhalter in the total amount of $152,991.88. Such judgments are to be reduced by the $80,000.00 received by plaintiff in settlement of plaintiff's claim against defendant CCT.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within ten (10) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

February 11, 2009                                             *s/Norah McCann King*
                                                                              Norah M<sup>c</sup>Cann King
                                     United States Magistrate Judge