IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ELDERLITE EXPRESS, INC.,

        Plaintiff,

    vs.                         Civil Action 2:06-CV-737
                                      Judge Holschuh
                                      Magistrate Judge King

CAPITOL CITY TRAILERS, INC.,
*et al.*,
        Defendants.


<u>OPINION AND ORDER</u>

       Plaintiff Elderlite Express, Inc. ("Elderlite") asserts in this action various contract and tort claims, alleging that defendants, Capitol City Trailers, Inc. ("CCT"), Randy Holton ("Holton"), Semi-Trailers-R-Us, Inc. ("Semi-Trailers"), and James Burkhalter ("Burkhalter")contracted to sell 12 semi-trailers to plaintiff but refused to transfer title to the plaintiff. *Amended Complaint,* Doc. No. 3. Defendant CCT filed crossclaims and a third-party complaint against, *inter alia,* William D. Morris, Jr.("Morris"), who is currently incarcerated after having been convicted in a related criminal matter. *See Answer,* p.1, Doc. No. 20. The Clerk entered default against defendants Burkhalter and Semi-Trailers on plaintiff's claims. Doc. Nos. 27, 28. Plaintiff's claims against CCT and Holton were settled, *see Stipulation and Order,* Doc. No. 74, and CCT's crossclaims and third party complaint, including all claims against Morris, were eventually dismissed. Doc. Nos. 67, 75. Thus, the only claims remaining for resolution in this matter are Elderlite's claims against Semi-Trailers and Burkhalter, which are addressed in Elderlite's motion for default judgment, Doc. No. 68.

       The motion for default judgment was referred to the United States Magistrate Judge for evidentiary hearing and report and

recommendation. *Order*, Doc. No. 69. An evidentiary hearing was held on September 25, 2008.

On February 11, 2009, the United States Magistrate Judge issued a *Report and Recommendation* recommending that Elderlite's motion for default judgment be granted and that Elderlite be awarded judgment against Semi-Trailers in the amount of $207,640.15, plus additional prejudgment interest, and against Burkhalter in the amount of $152,991.88, such judgments to be reduced by the $80,000.00 received by Elderlite in settlement of its claims against defendant CCT. *Report and Recommendation,* Doc. No. 80. In making this recommendation, the Magistrate Judge concluded, *inter alia,* that Elderlite was not entitled to an award of punitive damages or attorney's fees in connection with its fraud claims against Semi-Trailers and Burkhalter, *Report and Recommendation,* pp. 7-8, reasoning that the evidence did not establish either actual ill will or reckless disregard for Elderlite's property rights on the part of either Semi-Trailers or Burkhalter.

> There is no evidence that Burkhalter knew that Morris would convert plaintiff's purchase price to his own use. Indeed, it appears that Burkhalter at all times operated under the belief that Morris would in fact forward the funds to CCT and Burkhalter apparently attempted to facilitate that transfer. *See, e.g.* , Plaintiff's Exhibit 27; Plaintiff's Exhibit 28.

*Report and Recommendation*, p.8, Doc. No. 80.

Elderlite did not object to the *Report and Recommendation.* However, Morris has filed objections to that *Report and Recommendation. Objections,* Doc. Nos. 81, 82, 83.

In his objections, Morris refers to transactions involving him and Semi-Trailers and Burkhalter. He disagrees with the Magistrate Judge's conclusion that Elderlite is not entitled to an award of punitive damages and attorney's fees. Morris specifically asserts:

> I did not steal Elderlite's money. I received the
> money believing that it was the money owed me by
> Burkhalter. Had I known I was not getting the
> second wire transfer, I would not have been a party
> to the transaction to begin with. There was no
> reason for me to be involved other than the fact
> Burkhalter brought me in and lied to me. I beg the
> Court to change Judge King's R&R and grant punitive
> damages to Elderlite, damages in the amount allowed
> by law. I also request the district court rule
> that attorney's fees be allowed also.

*Objections,* pp. 3-4, Doc. No. 81. Morris also refers to civil litigation instituted by him against Semi-Trailers and Burkhalter in a Georgia state court and alleges that default judgment was entered against Semi-Trailers and Burkhalter in that action. *Objections,* Doc. No. 82. Morris specifically states

> Morris is in prison for crimes he did and for
> crimes he did not do. Morris would never have been
> involved in the Elderlite deal had he not been
> brought in by Burkhalter. If you deduct the
> Elderlite crime from my case, my sentence would
> have been approximately 41 months. Unfortunately,
> I am serving 84 months because of Burkhalter.

*Objections,* p.2, Doc. No. 82.

This Court concludes that Morris lacks standing to object to the *Report and Recommendation. Cf.* F.R.Civ.P. 72 (b)(2)("... a party may serve and file specific written objections to proposed findings and recommendations."). Elderlite filed no claims against Morris and CCT's third-party claims against him – the only claims ever asserted against Morris in this action – were dismissed prior to the evidentiary hearing. *Order*, Doc. No. 67. Morris has never asserted any claim against any party in this action. *See id.*, p.5. He was not a party to or participant in the evidentiary hearing held in connection with Elderlite's motion for default judgment against Semi-Trailers and Burkhalter. The relief recommended by the Magistrate Judge does not accrue to the benefit of Morris nor would the recommended relief be enforceable against him. *Cf.*

F.R.Civ.P. 71("When an order grants relief for a nonparty or may be enforced against a nonparty, the procedure for enforcing the order is the same as for a party."). Morris' objections appear, once again, to seek relief – not on his own behalf – but in favor of Elderlite. This Court has rejected Morris' previous attempt to do so. *Opinion and Order*, p. 3, Doc. No. 47. Moreover, if, as Morris' objections seem to suggest, he has previously obtained a civil judgment against Semi-Trailers and Burkhalter in connection with the transaction at issue in this case, Morris is precluded from seeking further relief from these parties by operation of the doctrine of *res judicata*. As to Elderlite's claims against Semi-Trailers and Burkhalter, Morris is, in effect, a stranger to the litigation. *Cf. Marino v. Ortiz*, 484 U.S. 301, 304 (1988)(non-intervening non-party has no standing to appeal). The fact that Morris may be interested in, or may wish to use in a collateral attack on his criminal conviction, the outcome of Elderlite's claims against Semi-Trailers and Burkhalter is simply insufficient to confer legal standing on him or to permit him to interject himself into the resolution of Elderlite's claims against these defendants. The Court will therefore not consider Morris' objections to the *Report and Recommendation*.

Although Elderlite, who unquestionably had a right to object to the *Report and Recommendation*, was advised of that right and of the consequences of its failure to do so, *see Report and Recommendation*, p. 12, Doc. No. 80, Elderlite has nevertheless filed no objection to the *Report and Recommendation.*

The *Report and Recommendation* is therefore **ADOPTED** and **AFFIRMED**. Elderlite's motion for default judgment against Semi-Trailers and Burkhalter, Doc. No. 68, is **GRANTED.**

Plaintiff is **AWARDED** judgment against Semi-Trailers in the total amount of $212,766.76[1] and against defendant Burkhalter in the total amount of $152,991.88.

Of these amounts, Defendants Burkhalter and Semi-Trailers-R-Us are jointly and severally liable for $152,000.00, which represents $151,650.00 in compensatory damages and the $350.00 filing fee. Defendant Burkhalter is separately liable for $991.88 in litigation-related expenses. Defendant Semi-Trailers-R-Us is separately liable for prejudgment interest in the amount of $60,766.76.[2]

The Clerk shall enter **FINAL JUDGMENT** accordingly.

Date: March 31, 2009                    **/s/ John D. Holschuh**
                                        John D. Holschuh, Judge
                                        United States District Court

---

[1]This amount reflects $151,650.00 in compensatory damages plus $55,640.15 in prejudgment interest on the contract claim from September 4, 2003 to September 25, 2008, plus $3,216.45 in prejudgment interest for the period September 25, 2008 through December 31, 2008, calculated at the rate of .67 percent per month, plus $1,910.16 in prejudgment interest for the period January 1, 2009 to the entry of final judgment, calculated at the rate of .42 percent per month. *See http://tax.ohio.gov/divisions/ohio/individual/individual/interest rates.stm* .

[2]As noted earlier, such judgments are subject to a setoff in the amount of $80,000.00, representing the money received by plaintiff in settlement of plaintiff's claims against defendant CCT.